UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | S4:14-cr-00272-JSR |
| | : | |
| | : | |
| ANTHONY ALLEN, et al | : | |
| | : | |
| Defendants. | : | |
| | : | |

**UNITED STATES'S SENTENCING MEMORANDUM REGARDING
ANTHONY CONTI**

| | |
|---|---|
| ANDREW WEISSMANN<br>Chief, Fraud Section | JEFFREY D. MARTINO<br>Chief, New York Office |
| CAROL SIPPERLY<br>Senior Litigation Counsel<br>BRIAN R. YOUNG<br>Assistant Chief<br>U.S. Department of Justice<br>Criminal Division<br>1400 New York Ave., N.W.<br>Washington, D.C. 20005<br>(202) 616-3114 | MICHAEL T. KOENIG<br>Trial Attorney<br>U.S. Department of Justice<br>Antitrust Division<br>450 5th Street, N.W.<br>Washington, D.C. 20001<br>(202) 616-2165 |

# **TABLE OF CONTENTS**

BACKGROUND ........................................................................................................................1

ARGUMENT..............................................................................................................................1

    I.    THE HISTORY AND CHARACTERISTICS OF THE
         DEFENDANT ........................................................................................................1

    II.   THE SENTENCING RANGE ESTABLISHED BY THE U.S.S.G................................2

    III.  THE NEED TO AVOID SENTENCING DISPARITIES AMONG
         DEFENDANTS WHO HAVE BEEN FOUND GUILTY OF
         SIMILAR CONDUCT ...........................................................................................2

    IV.  A FINE IS WARRANTED .......................................................................................3

Anthony Allen and Anthony Conti are the first defendants to be sentenced in the United States for participating in a scheme to manipulate the London Interbank Offered Rate (LIBOR), a profoundly important benchmark to which was tied the value of hundreds of trillions of dollars in mortgage loans, consumer debt, derivative contracts, and other financial instruments.  As set forth herein, Mr. Conti's crime not only defrauded Rabobank's counterparties on interest rate swap contracts, but also severely damaged LIBOR's credibility and eroded public confidence in the integrity of the financial markets.  Under the United States Sentencing Guidelines, the United States calculates Mr. Conti's offense level as 25, which yields a sentencing range of 57-71 months in Zone D.  Given the unique circumstances of this case, however, the Sentencing Guidelines are an imperfect tool for evaluating Mr. Conti's culpability and the punishment he should ultimately receive.  As set forth herein, the United States submits that Mr. Conti should be sentenced to a substantial term of incarceration and the maximum available fine of $100,000.

Because Messrs. Allen and Conti were tried jointly and convicted of participating in the same scheme, this memorandum incorporates by reference those portions of the United States's Sentencing Memorandum Regarding Anthony Allen (filed publicly at Dkt. 225) which describe the nature and circumstances of the offense as well as guideline enhancements that the government seeks for both defendants.  This memorandum addresses only those issues that are unique to Mr. Conti.

## I. THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT

Mr. Conti is a professional banker with no known criminal history.  As an experienced cash trader and Rabobank's primary U.S. Dollar LIBOR submitter, Mr.

Conti appreciated that the consequences of a scheme to rig LIBOR would be felt far beyond Rabobank's immediate counterparties. As he demonstrated during a recorded conference call held on June 12, 2008 (GX 108B), Mr. Conti had a deep understanding of what LIBOR was supposed to represent and its importance in the global marketplace.

As was the case with Mr. Allen, Mr. Conti's decision to waive extradition, while coming with significant tactical benefits, had the effect of conserving substantial judicial resources in the United Kingdom and the United States. Mr. Conti's circumstances and characteristics make him less culpable than Mr. Allen in two respects. First, Mr. Conti did not exercise managerial authority at Rabobank. Second, Mr. Conti did not offer incredible trial testimony.

## II.    THE SENTENCING RANGE ESTABLISHED BY THE U.S.S.G.

The United States submits that Mr. Conti's adjusted offense level is 25, representing seven levels for a base offense under § 2B1.1(b)(1); fourteen levels for loss under § 2B1.1(b)(1)(H); two levels for a scheme involving ten or more victims under § 2B1.1(b)(2)(A); and two levels for an abuse of trust under § 3B1.3. The United States addressed the application of these guideline provisions in the memorandum that it filed for Mr. Allen and submits that its arguments apply with equal force to Mr. Conti. Unlike Mr. Allen, the United States does not seek a leadership enhancement for Mr. Conti.

## III.   THE NEED TO AVOID SENTENCING DISPARITIES AMONG DEFENDANTS WHO HAVE BEEN FOUND GUILTY OF SIMILAR CONDUCT

The only person to date who has been sentenced for manipulating LIBOR is Tom Hayes, a former derivative trader at UBS and Citigroup, who ultimately received an eleven-year sentence in the United Kingdom. *See R. v. Hayes*, [2015] ECWA Crim.

1944, Court of Criminal Appeal (Dec. 21, 2015) (re-sentencing the defendant to eleven years).  Messrs. Conti and Hayes are similarly situated insofar as they were both "line level" traders who conspired to rig the LIBOR rate to suit their own positions and, in the case of Mr. Conti, the positions of his colleagues.  But their cases are distinguishable on the grounds that Mr. Hayes engaged in manipulation more frequently than anybody at Rabobank, generally took larger positions than Rabobank's traders, and enlisted the help of cash brokers to move the rate.  While the government concedes that the unique circumstances of Mr. Conti's conduct coupled with his personal characteristics would render an eleven year sentence greater than necessary to achieve the objectives of 18 U.S.C. § 3553, the fact that Mr. Hayes received a sentence of over a decade in prison demonstrates that both the trial and appellate courts in England considered LIBOR manipulation to be an extremely serious offense.

### IV.     A FINE IS WARRANTED

For the reasons stated in the memorandum that the United States filed in relation to Mr. Allen, the United States seeks neither forfeiture nor restitution from Mr. Conti.  *See* 18 U.S.C. § 3663A(c)(3).  As with Mr. Allen, however, the United States submits that a fine is appropriate for Mr. Conti.  Because Mr. Conti's offense level is 25, the sentencing guidelines recommend a fine between $10,000 and $100,000.  *See* U.S.S.G. § 5E1.2(c)(3).[1]  The United States respectfully submits that the Court should impose a fine of $100,000.

---

[1] For offenses committed prior to November 1, 2015, the Guidelines instruct the Court to apply the fine range set forth in the 2014 version of the Guidelines.  U.S.S.G. § 5E1.2(h)(1).  The maximum fine for a felony is $250,000.  18 U.S.C. § 3571(b)(3).

3


Dated: Washington, DC
       March 3, 2016

| | |
|---|---|
| ANDREW WEISSMANN<br>Chief, Fraud Section | JEFFREY D. MARTINO<br>Chief, New York Office |
| /s Brian R. Young<br>CAROL SIPPERLY<br>Senior Litigation Counsel<br>BRIAN R. YOUNG<br>Assistant Chief<br>U.S. Department of Justice<br>Criminal Division<br>1400 New York Ave., N.W.<br>Washington, D.C. 20005<br>(202) 616-3114 | /s Michael T. Koenig<br>MICHAEL T. KOENIG<br>Trial Attorney<br>U.S. Department of Justice<br>Antitrust Division<br>450 5th Street, N.W.<br>Washington, D.C. 20001<br>(202) 616-2165 |